| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

THOMAS SINGLETARY,

                            Plaintiff,

               - versus -

JAMES CHALIFOUX, ROBERT BIANCAVILLA, ERIC NAIBURG, ANDREW SMITH, and NEWSDAY,

                           Defendants.

ORDER
13-CV-4205(JG)

JOHN GLEESON, United States District Judge:

On July 17, 2013, plaintiff Thomas Singletary, currently incarcerated at Downstate Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. He seeks damages and injunctive relief. I grant Singletary's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismiss the complaint as set forth below.

## BACKGROUND

Singletary sues his former defense attorney, Eric Naiburg, two assistant district attorneys ("ADAs"), James Chalifoux and Robert Biancavilla, a newspaper reporter, Andrew Smith, and Newsday. Singletary alleges that Naiburg promised that he would receive a "determinate sentence of no less then (10) ten years – no more than (15) fift[]teen years" if he cooperated with the District Attorney's Office. Compl. at 4. Singletary states that he "complied by taking a meeting with ADA James Chalifoux and homicide detectives Philip Frendo and Jeffery Bottari." *Id.* After this meeting, the District Attorney offered Singletary a plea bargain pursuant to which he would serve sixteen years to life in prison and his "original indictment was superceded [sic] charging me with multiple counts of murder, arson 2 [degree], and reckless endangerment. Forcing me to withstand a lengthy trial maliciously prosecuting me sentencing me to (100) one hundred years to life imprisonment. *Id.*

Singletary alleges Naiburg violated his "due process rights, performing legal malpractice." Compl. at 4. He further alleges that the newspaper reporter Andrew Smith and Newsday, "defam[ed] my character in the public eye painting me as a mass murderer." *Id.*

## DISCUSSION

A. *Standard of Review*

In reviewing the complaint, I am mindful that Singletary is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted.")

  B. *Section 1983*

A claim for relief under section 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F.Supp.2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted).

Here, Singletary alleges that his defense attorney, Naiburg, violated his due process rights. However, he has failed to allege that Naiburg acted under color of state law for purposes of section 1983. As noted above, a claim for relief under Section 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, private attorneys, whether court appointed or private, are generally not liable under Section 1983. *See Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (citing *Housand v. Heiman,* 594 F.2d 923, 924–25 (2d Cir.1979))); *accord Polk Cnty. v. Dodson,* 454 U.S. 312, 321, 325 (1981)

(public defenders do not act under color of state law). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Because Naiburg was Singletary's defense counsel in the underlying state court criminal proceedings, he is not a state actor. Accordingly, plaintiff's section 1983 claim against Naiburg is not plausible and is thus dismissed.[1]

Similarly, Singletary has failed to allege that defendants Andrew Smith, a newspaper reporter at Newsday and the newspaper, Newsday, acted under color of state law for purposes of section 1983. Therefore, any claims against these defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Furthermore, there is no federal cause of action for defamation because it "is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (citing *Lauro v. Charles,* 219 F.3d 202, 207 (2d Cir. 2000); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976)). Therefore, the complaint must be dismissed against Smith and Newsday for this reason as well.

Finally, I dismiss the claims against Assistant District Attorneys James Chalifoux and Robert Biancavilla. Prosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such immunity typically applies when a prosecutor acts as "an officer of

---

[1] To the extent that Singletary alleges legal malpractice against Naiburg, that claim also fails because he has not alleged that his conviction has been overturned or vacated. *See Carmel v. Lunney*, 518 N.Y.S.2d 605, 607 (1987) ("To state a cause of action for legal malpractice arising from negligent misrepresentation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense."). Under New York law, "so long as the determination of [a plaintiff's] guilt for that offense remains undisturbed, no cause of action will lie." *Id.*

4

the court." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate. *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory*, 25 F.3d at 83); *see also Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).

Here, even construing Singletary's allegations liberally, the claims against Chalifoux and Biancavilla concern a quintessential prosecutorial function – pursuing a criminal case – which fall squarely within the scope of absolute immunity and therefore must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *see also Hill,* 45 F.3d at 661 ("[A] district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial."); *Taylor v. Kavanagh*, 640 F.2d 450, 451-452 (2d Cir. 1981) ("Assistant District Attorney's conduct in the plea bargaining negotiations and the sentencing proceeding in state court is protected by the doctrine of absolute prosecutorial immunity."). Because the prosecutors clearly did not act in the complete absence of jurisdiction, absolute immunity bars all section 1983 claims against them. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *cf. Mills v.. Fischer,* 645 F.3d 176, 177 (2d Cir.2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g).").

## CONCLUSION

For the reasons set forth above, I hereby dismiss the complaint in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Any state law claims are dismissed

without prejudice. Ordinarily, as discussed earlier, after dismissal of *pro se* complaints under §1915A and § 1915, plaintiffs are granted leave to replead. However, no purpose would be served by repleading at this time. Singletary was only recently sentenced in state court. His claims in this case are, in essence, challenges to his conviction, which are more properly directed to the state appellate court on his direct appeal or (with respect to his claim of ineffective assistance) to the state trial court in a motion pursuant to New York Criminal Procedure Law § 440. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                                  So ordered.

                                                  John Gleeson, U.S.D.J.

Dated: September 23, 2013
       Brooklyn, New York